UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH WRIGHT, No. 307677,   Case No. 4:21-cv-10115

    Plaintiff,   Stephanie Dawkins Davis
v.   U.S. District Judge

HEIDI WASHINGTON, WILLIS CHAPMAN,
UNKNOWN PURDOM, UNKNOWN WISNER,
UNKNOWN RIVARD, AND CANDY DONAHUE,

    Defendants.
_____/

**OPINION AND ORDER OF PARTIAL SUMMARY DISMISSAL
AND DIRECTING PLAINTIFF TO SHOW CAUSE WHY
CASE SHOULD NOT BE DISMISSED**

This is a *pro se* prisoner civil rights case. Plaintiff, Kenneth Wright, is incarcerated at the Macomb Correctional Facility in New Haven, Michigan. Plaintiff sues six individually named employees of the Michigan Department of Corrections, claiming that they acted with deliberate indifference to his health and safety when they forced him to carry another prisoner who was incapacitated up a flight of stairs. He asserts that he was thereby exposed to the risk of contracting COVID-19 and he injured his back. The court will summarily dismiss the case for Plaintiff's failure to state a claim against Defendants Washington and Chapman, and it will order Plaintiff to show cause why the case should not be dismissed with respect to the remaining Defendants.

1

I.      STANDARD OF DECISION

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." FED. R. CIV. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While this pleading standard does not require "detailed" factual allegations, *id.*, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to

dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## II. COMPLAINT

Plaintiff names six Defendants: (1) Heidi Washington, Director of the Michigan Department of Corrections, (2) Willis Chapman, Warden, (3) Sgt. Unknown Purdom, (4) Corrections Officer Unknown Wisner, (5) Nurse Unknown Rivard, and (6) Nurse Candy Donahue.

The complaint is terse. Plaintiff asserts that on March 12, 2020, the MDOC put an order in effect to protect prisoners from contracting COVID-19. He also asserts that he has a bottom-bunk detail due to a prior back injury.

Plaintiff states that on July 31, 2020, he "was forced by all defendants Purdom, Wisner, Rivard, and Donahue to physically pick up prisoner Perry-El #135959 who was experiencing cardiac arrest. Prisoner Perry-El was soiled in urine and unresponsive. Plaintiff was not provided gloves or PPE gear in the midst of this COVID-19 pandemic. Plaintiff was forced to carry prisoner Perry-El up a flight of stairs while all defendants stood by idly watching and not rendering aid or

assistance." (ECF No. 1, PageID.4-5). He asserts that since the incident he has been experiencing non-stop excruciating back pain.

Plaintiff does not allege whether any of the Defendants knew of his pre-existing back condition. He does not allege that he contracted COVID-19. Nor does Plaintiff assert any additional facts surrounding the incident.

## III. DISCUSSION

First, with respect to Defendants Washington and Chapman, Plaintiff fails to allege facts showing that these Defendants were present or directly involved in the incident. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based on the mere failure to act. *Grinter*, 532 F.3d at 576. "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff fails to allege that Defendants Washington or Chapman engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

4

With respect to the remaining four Defendants, to bring a claim under the Eighth Amendment "cruel and unusual punishments" provision, a plaintiff must satisfy a two-prong test that encompasses an objective element and a subjective element. *See Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991). The objective element asks whether the deprivation the plaintiff experienced was sufficiently serious. *Id*. The subjective element asks whether the defendant officials acted with a sufficiently culpable state of mind. *Id*. In cases challenging prison conditions, the culpable state of mind is deliberate indifference. *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

"[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Farmer v. Brennen*, 511 U.S. 825, 836 (1994). This means that a prison official will not be liable under the Eighth Amendment for denying a prisoner humane conditions of confinement "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Plaintiff's complaint asserts that he was given what amounted to a work detail to assist with an incapacitated prisoner. While the Sixth Circuit has not explicitly held that prison work conditions are conditions of confinement subject to

5

Eighth Amendment scrutiny, several other circuits and district courts within the Sixth Circuit, including the Eastern District of Michigan, have so held. *See e.g.*, *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir. 1994) (collecting cases); *Bibbs v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991) (holding that prison work conditions are conditions of confinement under the Eighth Amendment); *Jackson v. Cain*, 864 F.2d 1235, 1245 (5th Cir. 1989) ("We have found, that in certain circumstances, prison work conditions may amount to cruel and unusual punishment."); *Johnson v. Campbell*, 25 Fed. Appx. 287, 288 (6th Cir. 2001) (unpublished) (rejecting prisoner plaintiff's Eighth Amendment claim for injuries suffered while working at a recycling center because defendants were at most negligent for creating the dangerous work conditions, and a prisoner "cannot base an Eighth Amendment claim on mere negligence").

Assuming the intentional placing of prisoners in dangerous working conditions can violate the Eighth Amendment, Plaintiff must still plead sufficient facts to state a claim under *Farmer's* two-part test. Applying that test here, Plaintiff's complaint is too threadbare to state a claim. He does not allege facts regarding the difficulty or dangerousness of the task he was asked to perform. The incident is alleged to have occurred on July 31, 2020, well into the COVID-19 crises. Yet the complaint does not state whether the incident happened on a COVID unit. Certainly by July the MDOC was not and could not keep all

prisoners at all facilities physically separate from one another. Moreover, other than a reference to a flight of stairs, the complaint is short on allegations about what exactly Plaintiff was directed to do. The allegations made are insufficient to allow the Court to determine whether Plaintiff was asked to do something that was sufficiently serious to satisfy the objective component of the *Farmer* test.

As for the second factor, the complaint must assert that "the official knows of and disregards an excessive risk." *Farmer*, 511 U.S. at 837. Here, the complaint fails to disclose that any of the named Defendants knew about Plaintiff's back condition. That is, Plaintiff does not allege facts showing that Defendants were aware of any risk of serious harm to Plaintiff's back if they did not know of his pre-existing medical condition. As it stands, Plaintiff has failed to state an Eighth Amendment claim against Defendants Purdom, Wisner, Rivard, or Donahue.

Rather than summarily dismiss the complaint in its entirety, however, a district court has discretion to allow a plaintiff to amend his complaint to avoid dismissal under the Prisoner Litigation Reform Act. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013). Though the complaint does not presently contain sufficient factual allegation to state a claim against these Defendants, the allegation that have been made suggest that Plaintiff may plausibly state a claim for relief if he provides the Court with more information about the incident. Thus, in lieu of

7

dismissing the complaint, the Court orders Plaintiff to show cause within thirty days of this order why the complaint should not be dismissed for failing to state a claim upon which relief can be granted against Defendants Purdon, Wisner, Rivard, and Donahue.

## IV. CONCLUSION

Accordingly, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), the Court will dismiss the complaint for Plaintiff's failure to state a claim against Defendants Washington and Chapman

Plaintiff is directed to show cause <u>within thirty days</u> of the date of this order why the complaint should not be dismissed with respect to the remaining named Defendants.

**IT IS SO ORDERED**.

Dated: May 27, 2021                         s/Stephanie Dawkins Davis
                                                   Stephanie Dawkins Davis
                                                   United States District Judge